UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KEVIN THORNBURG,

    Plaintiff,

-vs-                                              CASE NO.:

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kevin Thornburg (hereinafter "Plaintiff"), sues Defendant, Equifax Information Services LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Warner Robins, Georgia; the violations described in this Complaint occurred in this District; and the Defendants transact business within this district.

5. Plaintiff is a "consumer" as defined by the FCRA and FDCPA.

6. Equifax Information Services LLC ("Equifax") is a corporation with its principal place of business located at 1550 Peachtree St. NEW, Atlanta, GA 30309.

7. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Equifax is one of the "big three" credit reporting agencies in the United States today.

10. National Credit Adjusters, L.L.C. ("NCA") (non-party) is a third-party who furnished false information about an alleged debt that originated with (non-party) The Bank of Missouri.

11. Equifax is subsequently reporting the false information furnished by NCA.

12. Plaintiff has not ever owed any debt to The Bank of Missouri or NCA.

13. Plaintiff is the victim of identity theft.

14. In or around late 2020, The Bank of Missouri was furnishing information about the alleged debt in question to Equifax.

15. Plaintiff brought a lawsuit against (amongst other parties) Equifax and The Bank of Missouri in order to get the false information being furnished by The Bank of Missouri off of his credit report, Case # 5:20-cv-00417-TES filed in the Middle District of Georgia.

16. The parties resolved that lawsuit and The Bank of Missouri ceased collection activity and Equifax removed the account from Plaintiff's credit report.

17. When Plaintiff realized that NCA was trying to collect on the same underlying account that The Bank of Missouri was furnishing information about, he sent a dispute letter on or about April 4, 2022 to Equifax advising that the account was back on his credit report and should not be.

18.     Equifax did not respond to Plaintiff's initial dispute which prompted Plaintiff to send a second dispute letter to Equifax on or about May 18, 2022, again informing Equifax that it was reporting a false debt which had already previously been litigated and provided Equifax with the case number for the previous litigation.

19.     Equifax responded to this dispute on June 17, 2022 (Report #2156532941) by verifying the disputed information as accurate.

20.     Plaintiff sent a third dispute letter to Equifax on or about July 5, 2022, again reiterating that the debt is false, that the fraudulent information needs to be removed and that there was a previous federal lawsuit about this exact account.

21.     Equifax responded on or about July 19, 2022 (Report #2200544871) finally stating that the disputed information was no longer appearing on Plaintiff's credit report.

22.     As a result of the actions/inactions of Equifax, Plaintiff's credit scores have dropped significantly.

23.     As a result of the actions/inactions of Cavalry, Plaintiff has suffered from physical injuries such as stress, embarrassment, humiliation, frustration, worry, fear, anxiety, and sleeplessness.

## COUNT I
### Violations of the Fair Credit Reporting Act

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. Equifax violated 15 U.S.C. §1681(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

26. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered by loss of personal time, diminished credit score, and the emotional distress described in the Complaint.

27. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

28. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Equifax to Plaintiff; award Plaintiff

his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of the Fair Credit Reporting Act

29.     Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

30.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedure with which to filter and verify disputed information in Plaintiff's credit file.

33.     Equifax had all of the documentation it needed to know that the information it was reporting was erroneous. However, Equifax failed to do any meaningful reinvestigation into Plaintiff's dispute, ignoring documents and the previous litigation that supported Plaintiff's position.

34.     As a result of the conduct, action and inaction of Equifax, Plaintiff suffered from reduced credit, embarrassment, worry, fear, frustration, anger, and the damages otherwise outlined in this Complaint.

35. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Equifax to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted,

<u>/s/ Octavio Gomez</u>
Octavio "Tav" Gomez, Esquire
Georgia Bar No.: 617963
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile:  844.951.3933
Tav@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Counsel for Plaintiff*